**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Abraham Clifton Simpson, | Case No.: 2:26-cv-00478-JAD-MDC |
| Petitioner | |
| v. | **Order Dismissing Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 without Prejudice and Closing Case** |
| State of Nevada, *et al.*, | |
| Respondents | [ECF No. 1-1] |

Petitioner Abraham Clifton Simpson, who is incarcerated at Nevada's High Desert State Prison, has commenced this action by submitting for filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254.[1]  He has also filed an application to proceed *in forma pauperis*[2] and the Court has received financial certificates showing the status of his prison accounts.[3]  Determining that Simpson does not have the funds to pay the $5 filing fee, I grant his *in forma pauperis* application and waive the filing fee.  However, having conducted the required initial review under the Habeas Rules,[4] I find that this action is barred by the statute of limitations and that Simpson's petition is wholly unexhausted in state court.  So I dismiss this action without prejudice and close it.

**Background**

According to his petition, Simpson was convicted in Nevada's First Judicial District Court for Carson City on October 6, 2022, of illegal possession of a firearm and robbery with a

---

[1] ECF No. 1-1.

[2] ECF No. 1.

[3] ECF No. 4.

[4] All references to a "Habeas Rule" or "Habeas Rules" in this order are references to the Rules Governing Section 2254 Cases in the United States District Courts.

deadly weapon, and he was sentenced to an aggregate of 48 to 126 months in prison.[5]  Simpson did not appeal from the conviction, and he did not file in state court a post-conviction petition for writ of habeas corpus.[6]  He has no other petition, application, motion, or appeal besides this one now pending in any court regarding the conviction he challenges in this case.[7]

Simpson asserts one claim in his petition: that his constitutional right to due process of law was violated because, for the robbery with use of a deadly weapon, he was sentenced to both 24 to 60 months and a consecutive 12 to 30 months for the deadly weapon enhancement.[8] Simpson concedes that he has not exhausted this claim in state court and that this is the first time he has asserted it.[9]

## Discussion

Under Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief.[10]  This allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects.[11]  I dismiss this action without prejudice because it appears from the face of Simpson's petition that it is barred by the statute of limitations and is wholly unexhausted in state court.

---

[5] ECF No. 1-1 at 1–2.

[6] *Id*. at 1.

[7] *Id*. at 2.

[8] *Id*. at 3.

[9] *Id*. at 3–4.

[10] *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).

[11] *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

There is a one-year statute of limitations for federal habeas petitions filed by prisoners challenging state convictions or sentences.[12]  Most commonly—as is the case here—the limitations period begins to run on the date the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review.[13]  The limitations period is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending.[14]

In this case, according to Simpson, the judgment of conviction was filed on October 6, 2022.[15]  Because Simpson did not appeal from the judgment of conviction, his conviction became final on November 5, 2022, when the thirty-day period for him to file a notice of appeal expired.  The one-year limitations period for his federal habeas petition began to run on that date and, because Simpson did not file a state-court petition, there was no statutory tolling, and the limitations period ran out a year later, on November 5, 2023.  So this action, initiated over two years later, is time barred.

Also, a federal court cannot grant a state prisoner's petition for habeas relief unless the prisoner has exhausted in state court his available state remedies for all claims raised.[16]  A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings.[17]

---

[12] 28 U.S.C. 2244(d)(1).

[13] 28 U.S.C. 2244(d)(1)(A).

[14] 28 U.S.C. § 2244(d)(2).

[15] ECF No. 1-1 at 1.

[16] *See Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).

[17] *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthy*, 653 F.2d 374, 376 (9th Cir. 1981).

3

Simpson clearly indicates in his petition that he has never asserted in state court the one claim he asserts here.[18]  His petition is therefore wholly unexhausted in state court.

### Conclusion

IT IS THEREFORE ORDERED that **Petitioner's Application to Proceed *in Forma Pauperis* (ECF No. 1) is GRANTED**.  Petitioner will not be required to pay the filing fee for this action.

IT IS FURTHER ORDERED that this action is **DISMISSED without prejudice**. Petitioner is denied a certificate of appealability because jurists of reason would not find dismissal to be debatable or wrong.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to:

- **SEPARATELY FILE** the Petition for Writ of Habeas Corpus (ECF No. 1-1);

- **ADD** Nevada Attorney General Aaron D. Ford as counsel for respondents;

- Direct informal electronic service upon respondents under Rule 4 of the Rules Governing Section 2254 Cases by **SENDING** a notice of electronic filing of the petition to respondents' counsel [ECF No. 1-1] along with a copy of this order. No response is required from respondents other than to respond to any orders of a reviewing court;

- **ENTER FINAL JUDGMENT** dismissing this action without prejudice; and

- **CLOSE THIS CASE**.

_____
U.S. District Judge Jennifer A. Dorsey
February 25, 2026

---

[18] ECF No. 1-1 at 1, 3–4.